UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:25-cv-00149-FWS                                                        Date: January 31, 2025
Title: In Re Marcus Daniel Silver *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Appellant: | Attorneys Present for Appellees: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER TO SHOW CAUSE RE BANKRUPTCY APPEAL**

On January 7, 2025, Appellant Marcus Daniel Silver ("Appellant") initiated this bankruptcy appeal by filing a Notice of Appeal and Statement of Election. (Dkt. 1.) The same day, the clerk of court issued a Notice of Appeal Deficiency and Notice of Bankruptcy Appeal Document Discrepancy informing Appellant that the Notice of Appeal failed to include the addresses and telephone of the opposing parties and did not conform substantially with the NOA and Statement of Election. (Dkts. 3, 4.) On January 28, 2025, the clerk of court issued a second Notice of Appeal Deficiency, noting that Appellant has failed to file a statement of issues or designation of record as required by Federal Rules of Bankruptcy Procedure 8003 and 8009.

Under Federal Rule of Bankruptcy Procedure 8003, a notice of appeal must: (1) "conform substantially to Form 417A;" (2) "be accompanied by the judgment—or the appealable order or decree—from which the appeal is taken; and" (3) "be accompanied by the prescribed filing fee." Fed. R. Bank. P. 8003(a)(3). Further, the appellant must "file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented," and "file and serve the designation and statement on the appellee within 14 days" of the date the notice of appeal has become effective. Fed. R. Bankr. P. 8009(a). "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:25-cv-00149-FWS                                                                 Date: January 31, 2025
Title: In Re Marcus Daniel Silver *et al.*

As discussed above, Appellant has failed to comply with Federal Rules of Bankruptcy Procedure 8003 and 8006 by: (1) filing a notice of appeal that substantially conforms to Form 417A and is accompanied by the appealable order and prescribed filing fee; (2) filing the designation of record and statement of issues; and (3) serving the designation of record and statement of issues on Appellees PHH Mortgage Corporation and U.S. Bank National Association. Therefore, the court **ORDERS** Appellant to show cause in writing by **February 14, 2025**, why this appeal should not be dismissed for failure to prosecute and/or comply with court orders. Appellant may discharge the Order to Show Cause by completing the following:

(1) Filing an amended notice of appeal that corrects the deficiencies discussed above and complies with Federal Rule of Bankruptcy Procedure 8003;

(2) Filing a designation of record and statement of issues;

(3) Paying the prescribed filing fee or filing proof of payment; and

(4) Filing proof of service demonstrating that Appellant served the designation of record and statement of issues on Appellees PHH Mortgage Corporation and U.S. Bank National Association.

Failure to timely and adequately respond to the Order to Show Cause or seek other appropriate relief may result in dismissal for failure to prosecute and/or comply with court orders. *See* Fed. R. Bankr. P. 8003(a)(2); *In re Beachport Ent.*, 396 F.3d 1083, 1087 (9th Cir. 2005) ("In determining whether to dismiss summarily an appeal for non-compliance with a procedural rule, the [court] must consider the impact of the sanction, alternative sanctions, and the relative culpability of the appellant and his attorney, because dismissal may inappropriately punish the appellant for the neglect of his counsel.") (internal quotation marks and citation omitted); *In re Gelso Invs. V, LLC*, 127 F. App'x 916, 917 (9th Cir. 2005) (affirming dismissal of bankruptcy appeal with prejudice for failure to prosecute where the appellant failed to file a statement of issues and designation of record despite multiple opportunities to do so); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 693, 699 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:25-cv-00149-FWS | Date: January 31, 2025 |
| Title: In Re Marcus Daniel Silver *et al.* | |

*Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**